UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID R. MCKENZIE,

    Plaintiff,

v.                                                           Case No: 8:16-cv-1972-T-27AEP

NANCY A. BERRYHILL,
Acting Commissioner of
Social Security,[1]

    Defendant.
_____/

## **REPORT AND RECOMMENDATION**

Plaintiff seeks judicial review of the denial of his claim for a period of disability and disability insurance benefits ("DIB"). As the Administrative Law Judge's ("ALJ") decision did not employ proper legal standards, it is recommended that the Commissioner's decision be reversed and remanded.

**I.**

**A.    Procedural Background**

Plaintiff filed an application for a period of disability and DIB (Tr. 234–37). The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 161–65, 173–77). Plaintiff then requested an administrative hearing (Tr. 178–79). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 106–133). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 13–33). Subsequently, Plaintiff

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

requested review from the Appeals Council, which the Appeals Council denied (Tr. 1–7). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

### B. Factual Background and the ALJ's Decision

Plaintiff, who was born in 1969, claimed disability beginning February 25, 2013 (Tr. 149). Plaintiff has a high school education (Tr. 113). Plaintiff's past relevant work experience included work as a services clerk, credit clerk, and a unit leader (Tr. 27). Plaintiff alleged disability due to post traumatic stress disorder ("PTSD"), anxiety, depression, and back injury (Tr. 149).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through December 31, 2017 and had not engaged in substantial gainful activity since February 25, 2013, the alleged onset date (Tr. 18). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: thoracic and lumbar spine disorders, depression, and an anxiety disorder that manifests as post-traumatic stress disorder (Tr. 18). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 19). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to

> perform a full range of medium work as defined in 20 CFR 404.1567(c), except the claimant must not climb ladders, ropes, and scaffolds, and must avoid exposure to dangerous work hazards, including unprotected heights and exposed machinery. The claimant must also avoid crowded work settings. Furthermore, the claimant is limited to routine, simple tasks that do not require a fast assembly quota pace or more than occasional interactions with co-workers, supervisors, and the public.

(Tr. 21). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not entirely credible (Tr. 24–25).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), the ALJ determined Plaintiff could not perform his past relevant work (Tr. 27). Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a janitor/floor cleaner, mail clerk, or housekeeper (Tr. 28). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 28).

## II.

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the

ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. §§ 404.1520(a), 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g), 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates

reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

## III.

Plaintiff argues here that the ALJ erred in her determination of the RFC in three ways by: (a) failing to properly weigh the medical opinion evidence, (b) failing to adequately consider the Department of Veterans Affairs ("VA") disability rating, and (c) failing to properly evaluate his credibility. For the reasons that follow, the ALJ failed to apply the correct legal standards with respect to the treating physician's medial opinion, and the decision of the Commissioner should therefore be reversed and remanded.

### A. The ALJ Failed to Properly Weigh the Medical Opinion

Plaintiff alleges that the ALJ improperly discounted the opinions of treating physician Dr. Nabil A. Dajani by giving the doctor "some weight," as opposed to controlling weight (Tr. 26). The Commissioner contends, in part, that "[a] treating doctor's opinion generally is entitled to more weight, and an ALJ must give good reasons for the weight given a treating doctor's opinion" (Doc. 14 at 18). However, the Commissioner, in part, misstates the legal standard for evaluating a treating physician's opinion,[2] and the undersigned finds that the ALJ's decision did not comport with the appropriate legal standard. For the reasons discussed below, the Court finds that the ALJ failed to articulate good cause for discounting Dr. Dajani's opinions.

---

[2] The undersigned notes that the Commissioner goes on to correctly state that the ALJ may discount the treating doctor's opinion if the doctor's opinion is either conclusory, lacks objective support, is inconsistent with the record as a whole, or if the evidence supports a contrary finding (Doc. 14 at 18). *See infra*, page 6.

5

When assessing the medical evidence, the ALJ must state with particularity the weight afforded to different medical opinions and the reasons therefor. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (citation omitted). The Social Security regulations provide guidelines for the ALJ to employ when evaluating medical opinion evidence. *See* 20 C.F.R. §§ 404.1527, 416.927. In determining the weight to afford a medical opinion, the ALJ considers a variety of factors including but not limited to the examining relationship, the treatment relationship, whether an opinion is well-supported, whether an opinion is consistent with the record as a whole, and the area of the doctor's specialization. 20 C.F.R. §§ 404.1527(c), 416.927(c). For instance, the more a medical source presents evidence to support an opinion, such as medical signs and laboratory findings, the more weight that medical opinion will receive. 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3). Further, the more consistent the medical opinion is with the record as a whole, the more weight that opinion will receive. 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4).

When it comes to the opinions of treating physicians, typically, the ALJ must afford the testimony of that physician substantial or considerable weight unless "good cause" is shown to the contrary. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004) (*per curiam*) (citation omitted). Good cause exists where: (1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the physician's own medical records. *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004).

Here, there is no dispute that Dr. Dajani was Plaintiff's treating physician and "was the only treating physician to assess the [Plaintiff] multiple times" (Tr. 26). Indeed the ALJ stated the amount of weight—"some weight"—she afforded Dr. Dajani's opinion (Tr. 26). However, the ALJ's discussion about the weight assigned to the opinion is legally insufficient. The ALJ

stated that she gave Dr. Dajani's opinions some weight because they were "generally inconsistent with the evidence of the record in its entirety" (Tr. 26). However, the Court is unable to determine what evidence the ALJ reviewed to arrive at this decision because the ALJ does not provide any specific example of an inconsistency. Good cause exists when, *inter alia*, the physician's opinion is inconsistent with the physician's own records or the evidence supports a contrary finding. *Phillips*, 357 F.3d at 1240-41. Although the ALJ is entitled to evaluate medical opinions based on variety of factors, as discussed above, the ALJ still is required to meet the legal standard in evaluating the opinion of a treating physician. Thus, because the ALJ did not articulate the good cause for discounting the weight afforded to Dr. Dajani's opinions, the ALJ's analysis does not meet the proper legal standard and should be remanded.

Additionally, upon reconsideration, the ALJ should also provide a more complete analysis on why she discounted the VA disability rating. The Eleventh Circuit has held that "[a]lthough the V.A.'s disability rating is not binding on the [Commissioner], it is evidence that should be given great weight." *Brady v. Heckler*, 724 F.2d 914, 921 (11th Cir. 1984) (internal citations omitted); *see also*, 20 C.F.R. § 404.1504. The Court has disfavored the rejection of a VA disability rating merely because another agency's determination is nonbinding on the Commissioner. In *Gibson v. Comm'r. of Soc. Sec.*, the Court remanded the case and directed the ALJ to, *inter alia*, give appropriate weight to the VA disability rating after finding that the ALJ erred by failing to state the weight assigned to the VA rating and providing no analysis. 725 F. Supp. 2d 1347, 1350, 1355, 1357 (M.D. Fla. 2010). Thus, in rejecting the VA's findings, the ALJ should state reasons for doing so to enable the courts to conduct a meaningful review. *Id.* at 1351. *See also Cronin v. Comm'r. of Soc. Sec.*, 6:10-cv-1765-ORL-DAB, 2012 WL 3984703, at *6 (M.D. Fla. Sept. 11, 2012) (remanding and directing the ALJ to properly account

for the VA disability rating).  Significantly, this Court has rejected an ALJ's conclusory statements that suggest the irrelevance of a VA determination because the factors for determining disability are different from those used by the Social Security Administration ("SSA"). *See Towner v. Astrue*, 8:11-cv-2258-T-30TBM, 2012 WL 6699627, at *5 (M.D. Fla. Dec. 5, 2012), *report and recommendation adopted*, 8:11-cv-2258-T-30TBM, 2012 WL 6699617 (M.D. Fla. Dec. 26, 2012).

Because the Court has recommended that the case be remanded on other grounds, it need not reach a conclusion on this issue. However, the ALJ is encouraged to provide sufficient analysis of the VA disability rating that would enable to the Court to determine the reasons for discounting it. *See Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) (remand is required when the court is unable to determine, based on the ALJ's opinion, whether the statutory requirements and relevant regulations as construed by this Court were followed).

### B. The ALJ Properly Evaluated Plaintiff's Credibility

Plaintiff alleges that, with regards to his mental health, the ALJ failed to properly evaluate his credibility. Specifically, Plaintiff contends that the ALJ erred by stating Plaintiff was, at times, non-compliant with his treatment, was clinically stable, and engaged in some daily living activities. Plaintiff also alleges that the ALJ erred by finding Plaintiff's GAF score conflicted with a finding of disability. However, the Commissioner contends that the ALJ's review was proper and the RFC determination was supported by substantial evidence. The undersigned agrees that the ALJ properly analyzed the subjective statements in making the RFC determination.

In addition to the objective evidence of record, the Commissioner must consider all the claimant's symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective evidence and other evidence. *See* 20 C.F.R. §§

404.1529, 416.929. In social security disability cases, credibility determinations fall within the province of the ALJ. *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005) (*per curiam*). Typically, the ALJ makes credibility determinations regarding a claimant's subjective complaints and must provide specific reasons for the credibility finding. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (*per curiam*). To establish a disability based on testimony of pain and other symptoms, the claimant must show evidence of an underlying medical condition and either (1) objective medical evidence confirming the severity of the alleged symptoms or (2) that the objectively determined medical condition can reasonably be expected to give rise to the alleged symptoms. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002); *see* 20 C.F.R. §§ 404.1529, 416.929. When the ALJ discredits the claimant's subjective testimony, the ALJ must articulate explicit and adequate reasons for doing so. *Wilson*, 284 F.3d at 1225; *Foote v. Chater,* 67 F.3d 1553, 1561-62 (11th Cir. 1995) (*per curiam*). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *Foote,* 67 F.3d at 1562 (citation omitted).

Here, the undersigned finds that the ALJ clearly articulated reasons for discrediting Plaintiff's subjective testimony. For example, Plaintiff testified that his symptoms of paranoia and imagining hearing the thoughts of others continued after he quit his job, but he appeared clinically stable while on his medication (Tr. 23). Plaintiff testified that he is unable to be around large groups of people because it causes him stress; however, he told his physician that he finds his regular trips to amusement parks to be "relaxing" (Tr. 25, 113–15, 973). Plaintiff contends that he only goes to amusement parks on a "good day," and that he doubles up on his anxiety medicine prior to visiting (Tr. 123–25). But the ALJ pointed out the difficulty in avoiding crowds or long lines at amusement parks, even if Plaintiff remains at the park for only four hours and even when it is "not crowded" (Tr. 25). Plaintiff reported that that he was unable

to do household chores because of his back pain, yet he also stated that he takes out the trash and can walk a long way before needing to stop and rest (Tr. 25, 284–85, 287). Plaintiff testified that after a hospitalization, he was recommended to undergo PTSD counseling but did not qualify for reasons that were never specified (Tr. 116–17). Thus, the ALJ determined that the objective medical evidence supported some of the limitations, but only partially to the extent as alleged (Tr. 25).

Although Plaintiff disagrees with the ALJ's findings, the ALJ properly evaluated Plaintiff's credibility and relied on the evidence in the record to do so. Further, the ALJ properly noted that the GAF score is not dispositive (Tr. 23); thus, the GAF was not a basis for the ALJ's decision in discounting Plaintiff's credibility. The ALJ provided specific reasons for the credibility finding. Indeed, in making a credibility determination, the ALJ may consider whether any inconsistencies exist in the evidence and the extent to which any conflicts exist between a claimant's statements and the rest of the evidence. 20 C.F.R. § 416.929(c)(4). Thus, the ALJ properly evaluated Plaintiff's subjective statements in making a credibility determination.

**IV.**

Accordingly, after due consideration and for the foregoing reasons, it is hereby

RECOMMENDED:

1. The decision of the Commissioner be REVERSED and REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further administrative proceedings to apply the proper legal standards in assessing the medical opinion of Dr. Dajani and providing a more complete analysis on why the VA disability rating should be discounted.

2. The Clerk be directed to enter final judgment in favor of the Plaintiff and close the case.

IT IS SO REPORTED in Tampa, Florida, on this 4th day of August, 2017.

ANTHONY E. PORCELLI
United States Magistrate Judge

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.


cc:    Hon. James D. Whittemore
       Counsel of Record